UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| STEVEN SMITH, | ) |
| Plaintiff, | ) ) ) Jury Demanded |
| vs. | ) ) ) Case No. _____ |
| TAYLOR TRUCK LINE, INC., | ) ) ) |
| Defendant. | ) ) |

## COMPLAINT

Comes Plaintiff and would show unto the Court as follows:

### I. JURISDICTION

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §1331. Payment of the initial filing fee is waived pursuant to 38 U.S.C. §4323(h).

### II. NATURE OF PROCEEDING

2. This action is brought by Plaintiff to secure redress for violations of the Uniformed Services Employment and Reemployment Rights Act ("USERRA"), 38 U.S.C. §4301 *et seq*. This action seeks injunctive relief, lost wages and benefits, liquidated damages, front pay, prejudgment interest, court costs, discretionary costs, and attorney fees.

### III. THE PARTIES

3. Plaintiff is a member of the United States Army National Guard and a resident of Bradley County, Tennessee. Plaintiff was employed by Defendant as an over-the-road truck driver.

4. Defendant is a trucking company that maintains a place of business in Portland, Sumner County, Tennessee. Defendant is classified as an "employer" within the provisions of the USERRA.

## IV. FACTUAL BASES OF PLAINTIFF'S CLAIMS

5. Plaintiff was employed by Defendant as a truck driver from October 22, 2010 until approximately March 18, 2011.

6. During his entire employment tenure, Plaintiff was a member of the Tennessee Army National Guard ("TNARNG").

7. As a member of the TNARNG, Plaintiff had an obligation to report to monthly drills. Plaintiff always gave Defendant advance notice of his drill weekends, as well as providing Defendant with a copy of his drill schedule.

8. During his short employment tenure, Defendant on more than one occasion failed to accommodate Plaintiff's request for military leave to attend his monthly TNARNG drills. On more than one occasion, Plaintiff either missed or was late for drill duty because of Defendant's insistence on Plaintiff incurring addition runs or routes. As a result, Plaintiff was required by his TNARNG commanding officer to attend make-up drill dates.

9. During the first full week of March 2011, Plaintiff was working in Minnesota. Defendant instructed Plaintiff to drive a load to Jefferson, Louisiana (near New Orleans) for a drop time on Friday, March 11, 2011. Plaintiff was scheduled to report to Cleveland, Tennessee, for his monthly TNARNG drill on Friday, March 11, 2011. When instructed to drive to Louisiana, Plaintiff protested, reminding the dispatcher of his obligation to attend drill that weekend. The dispatcher insisted, and Plaintiff reluctantly obeyed.

10. Prior to his arrival in Jefferson, Plaintiff contacted his TNARNG commanding officer and advised him of his dilemma. His commanding officer told him that if he reported to Cleveland, Tennessee, on Monday, March 14, he could attend make up drills that week. Otherwise, if he failed to report on Monday, he would be considered AWOL.

11. Plaintiff eventually dropped his load in Jefferson, Louisiana, on the afternoon of March 11, 2011. He advised the dispatcher that he needed to drive home to Cleveland, Tennessee, so that he could attend make-up drill beginning Monday, March 14.

12. The dispatcher instructed Plaintiff to next drive to McCalla, Alabama, to pick up a load and to then drive that load to Michigan. Plaintiff advised the dispatcher that he could pick up the load in Alabama, but he could not drive to Michigan because of his TNARNG drill obligations beginning Monday, March 14. He told the dispatcher that he would pick up the load in Alabama and drop it and the trailer off at a specific location in Cleveland, Tennessee, which is exactly what he did.

13. Plaintiff attended his mandatory make-up TNARNG drill on March 15, 16 and 18. While at drill on March 18, agents of Defendant repossessed the truck from Plaintiff's home. When Plaintiff discovered the repossession of the truck, he called Todd Archambault (Defendant's safety director), demanding to know why the truck was taken. Mr. Archambault stated that he believed Plaintiff had quit. Plaintiff responded that he had not quit and that he had been at his drill duty.

14. Thereafter, Defendant refused to allow Plaintiff to return to work or to give him any new driving assignments.

3

## V. CAUSES OF ACTION

COUNT ONE: DENIAL OF REEMPLOYMENT

15. Defendant violated 38 U.S.C. §4311(a) by denying retention in employment and/or reemployment of Plaintiff on the basis of Plaintiff's mandatory make-up TNARNG drill duty during the week of March 13, 2011.

COUNT TWO: RETALIATION

16. Defendant violated 38 U.S.C. §4311(b) by terminating Plaintiff's employment and/or refusing to reemploy Plaintiff in retaliation for Plaintiff's insistence of returning to Cleveland, Tennessee, to attend mandatory make-up TNARNG drill duty during the week of March 13, 2011.

COUNT THREE: FAILURE TO PROMPTLY REEMPLOY

17. Defendant violated 38 U.S.C. §4313 and 20 C.F.R. §1002.181 by failing to promptly reemploy Plaintiff after Defendant received notice that he had not quit his employment and, that he had been attending Plaintiff's mandatory make-up TNARNG drill duty, and that he intended to return to work.

18. Defendant's acts were done willfully and/or with reckless disregard for Plaintiff's rights under USERRA. Therefore, Plaintiff is entitled to recover an amount equal to his lost wages and benefits as liquidated damages pursuant to 38 U.S.C. 4323(d)(1)(C).

## VI. DAMAGES

19. As a result of the wrongful acts of Defendant, Plaintiff has suffered financially from lost wages and benefits of employment.

4

## VII.  PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays:

a.  That proper process be issued and served upon Defendant, and that Defendant be required to answer within the time prescribed by law;

b.  That the Court issue an injunction requiring Defendant to immediately reemploy Plaintiff at his former position with all employment rights and benefits to which he would have been entitled but for his discharge, and without harassment or illegal conditions imposed on his job; or, in the alternative, front pay and benefits in lieu of reinstatement;

c.  That upon the hearing of this cause Plaintiff be awarded judgment for damages for lost wages and the value of all employment benefits which he has lost from the last date of his employment through the date of trial;

d.  That Plaintiff be awarded liquidated damages in an amount equal to lost wages and benefits lost from his late date of employment through the date of trial;

e.  That Plaintiff be awarded prejudgment interest on any lost wages and employment benefits, as well as on any liquidated damages;

f.  That Plaintiff be awarded all reasonable attorney fees, expert witness fees, and other litigation expenses;

g.  That court costs be taxed against Defendant;

h.  That the court's initial filing fee be waived and that no court costs be taxed against Plaintiff pursuant to 38 U.S.C. §4323(h); and

i.  That a jury try the issues in the cause.

BURNETTE, DOBSON & PINCHAK

By: _____
Harry F. Burnette, BPR No. 4803
Counsel for Plaintiff
713 Cherry Street
Chattanooga, TN 37402
Tel: (423) 266-2121
Fax: (423) 266-3324

6