UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| STEVEN SMITH, | ) | |
| | ) | |
| Plaintiff, | ) | Jury Demanded |
| | ) | |
| vs. | ) | Case No. 3:11-cv-00544 |
| | ) | |
| TAYLOR TRUCK LINE, INC., | ) | Judge Sharp |
| | ) | Magistrate Knowles |
| Defendant. | ) | |

## ~~PROPOSED~~ CASE MANAGEMENT ORDER

Pursuant to Local Rule 16.01(d), the parties hereby submit this proposed initial case management order.

### A. Jurisdiction and Venue.

The jurisdiction of this Court is invoked pursuant to 28 U.S.C. §1331 and 38 U.S.C. §4323(b).

This Court has venue pursuant to 38 U.S.C. §4323(c).

### B. Theories of the Case.

### 1. Plaintiff's Theory:

At all times relevant to this action, Plaintiff was a member of the Tennessee Army National Guard (TNARNG). Plaintiff continually throughout his employment provided advance notice to Defendant of his upcoming TNARNG drill duties. Despite this notice, Defendant on several occasions interfered with, and caused Plaintiff to miss, his drill duties as a result of unnecessary driving assignments.

While working in Minnesota, Defendant instructed Plaintiff to drive a load to Louisiana for a drop time on the afternoon of March 11, 2011 – the same day that Plaintiff was scheduled

to report to Cleveland, Tennessee, for his monthly TNARNG drill. When instructed to drive to Louisiana, Plaintiff protested, reminding the dispatcher of his obligation to attend drill. The dispatcher insisted, and Plaintiff reluctantly obeyed. Prior to his arrival in Louisiana, Plaintiff contacted his TNARNG commanding officer and advised him of his dilemma. His commanding officer told him that if he reported to Cleveland, Tennessee, on March 14, he could attend make up drills that week. Otherwise, if he failed to report, he would be considered AWOL. Plaintiff eventually dropped his load in Louisiana and advised the dispatcher that he needed to drive home so that he could attend make-up drill beginning March 14. The dispatcher instructed Plaintiff to next drive to Alabama to pick up a load and to then drive that load to Michigan. Plaintiff advised the dispatcher that he would not do so because of his military obligations.

Plaintiff attended his mandatory make-up TNARNG drill on March 15, 16 and 18. While at drill, Defendant repossessed the truck from Plaintiff's home. When Plaintiff discovered the repossession of the truck, he contacted Defendant, demanding to know why the truck was taken. Plaintiff was advised that he had quit. Plaintiff denied quitting and again informed Defendant that he had been at his drill duty. Thereafter, Defendant refused to allow Plaintiff to return to work or to give him any new driving assignments.

Defendant's actions violated USERRA in that it: (1) denied Plaintiff retention in employment and/or reemployment of Plaintiff on the basis of hiss mandatory make-up TNARNG drill duty; (2) terminated Plaintiff's employment and/or refused to reemploy Plaintiff in retaliation for his insistence of returning home to attend mandatory make-up TNARNG drill duty; and (3) failed to promptly reemploy Plaintiff after Defendant received notice that he had not quit his employment and, that he had been attending mandatory make-up TNARNG drill duty, and that he intended to return to work.

## 2. Defendant's Theory.

Defendant denies Plaintiff's allegations in their entirety. Plaintiff was employed by Defendant as a flatbed truck driver from October 27, 2010, until his separation date on March 21, 2011. After he began his employment with Defendant, Plaintiff gave Defendant a copy of his TNARNG drill schedule.

On Tuesday, March 8, 2011, Defendant assigned Plaintiff a load to pick up in Faribault, Minnesota and deliver to Jefferson, Louisiana on Thursday, March 10, 2011. Defendant purposefully assigned Plaintiff this load so that Plaintiff could return to his home in Cleveland, Tennessee for TNARNG drill, scheduled to begin the evening of Friday, March 11, 2011. However, due solely to Plaintiff's own actions, Plaintiff was unable to meet the delivery deadline.

Plaintiff then told Defendant that he had rescheduled his TNARNG drill for the following weekend, Friday March 18, 2011. Consequently, Defendant issued Plaintiff another driving assignment that did not conflict with Plaintiff's revised schedule. Plaintiff, however, again failed to make the scheduled delivery.

From Sunday March 13 to Friday, March 18, 2011, Plaintiff failed to inform Defendant of his whereabouts, despite multiple attempts by Defendant to contact Plaintiff. Due to Plaintiff's lack of communication, Defendant recovered its truck using its GPS system from Plaintiff's home on Friday, March 18, 2011. Plaintiff's employment was terminated effective Monday, March 21, 2011 for legitimate business reasons. As previously stated, Defendant denies Plaintiff's allegations in their entirety and specifically denies that it infringed Plaintiff's rights under USERRA.

## C. Issues Resolved and in Dispute.

All issues as to liability and damages remain in dispute.

D. **The Need for Additional Claims or Parties.**

If necessary, any motion to amend the pleadings shall be filed by December 31, 2011.

E. **Discovery.**

1. Mandatory initial disclosures shall be made by September 15, 2011.

2. The parties shall complete all written discovery and depose all fact witnesses on or before March 30, 2012.

3. In the event that expert testimony is necessary, the Plaintiff shall identify and disclose all expert witnesses and expert reports on or before December 5, 2011. The defendants shall identify and disclose all expert witnesses and expert reports on or before January 6, 2012. Discovery relating to experts shall be complete by March 1, 2012.

4. Discovery related motions are due April 16, 2012. No motions concerning discovery are to be filed until after the parties have conferred in good faith and are unable to resolve their differences.

F. **Dispositive Motions.**

All dispositive motions shall be filed on or before April 30, 2012. Responses to dispositive motions shall be filed within thirty (30) days after service of the motion. Optional replies shall be filed within ten (10) days after service of the response.

G. **Settlement/Alternative Dispute Resolution.**

No settlement negotiations have taken place. The parties will report to the Court after the close of discovery the status of any potential settlement discussions or if ADR is requested.

I. **Trial Date:** This case is set for trial on September 25, 2012, at 9:00 am before the Honorable Kevin H. Sharp. The Pretrial Conference is set for August 27, 2012, at 2:30 p.m.

8080796v1

The parties anticipate that the trial will last four days. The parties suggest a trial date no sooner than September, 2012.

J.  **Electronic Discovery**.

The parties anticipate very little electronic discovery and agree that the local rule governing electronic discovery will not apply.

ENTER this the _____ day of August 2011.

_____
E. CLIFTON KNOWLES
UNITED STATES MAGISTRATE JUDGE

APPROVED FOR ENTRY:

BURNETTE, DOBSON & PINCHAK

By: s/ Doug S. Hamill
 Harry F. Burnette, BPR No. 4803
 Doug S. Hamill, BPR No. 22825 (Pro hac)
 713 Cherry Street
 Chattanooga, TN 37402
 Tel: (423) 266-2121
 Fax: (423) 266-3324

 *Counsel for Plaintiff*

BRADLEY ARANT BOULT CUMMINGS LLP

By: s/ Matthew C. Lonergan
 Matthew C. Longergan, BPR No. 10798
 1600 Division Street, Suite 700
 Nashville, TN 37203
 Tel: (615) 244-2582
 Fax: (615) 252-6380

LEONARD, STREET & DEINARD